Chase v Wells Fargo Bank, N.A. (2019 NY Slip Op 06740)





Chase v Wells Fargo Bank, N.A.


2019 NY Slip Op 06740


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-06284
 (Index No. 61327/16)

[*1]Teresa Chase, appellant,
v
Wells Fargo Bank, N.A., respondent.


Paul T. Vink, P.C., White Plains, NY, for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph B. Teig of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that a nonjudicial foreclosure sale of certain personal property conducted pursuant to UCC article 9 is void, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated April 13, 2018. The order granted the defendant's motion for summary judgment declaring that the nonjudicial foreclosure sale is valid and denied the plaintiff's cross motion for summary judgment declaring that the nonjudicial foreclosure sale is void.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the nonjudicial foreclosure sale is valid.
The plaintiff commenced this action for a judgment declaring that a nonjudicial foreclosure sale of certain personal property conducted pursuant to UCC article 9 is void on the ground that the defendant allegedly failed to comply with the 90-day notice requirement of UCC 9-611(f). The defendant moved for summary judgment declaring that the nonjudicial foreclosure sale is valid. In support of its motion, the defendant submitted an affidavit of Kimberly A. Mueggenberg, a vice president of loan documentation for the defendant, as well as documentation to show that the 90-day notice was mailed. The plaintiff cross-moved for summary judgment declaring that the nonjudicial foreclosure sale is void. On her cross motion, the plaintiff argued that the 90-day notice was not properly served and, for the first time, alleged that the defendant had no security interest to foreclose because it had failed to timely file the required UCC financing statement to perfect its security interest prior to the plaintiff's discharge in bankruptcy. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
The defendant established its prima facie entitlement to judgment as a matter of law regarding its compliance with the notice requirements of UCC 9-611(f). Mueggenberg's affidavit established that (1) she reviewed the relevant loan records, (2) she had personal knowledge of the business practice of the mailing of notices by the entity that sent the notices, and (3) the 90-day notice was sent in compliance with the statute. Mueggenberg supported her statements by annexing to her affidavit copies of the notices and mailing documents—including certified mailing records, the defendant's business records, and records from the United States Postal Service—to demonstrate [*2]that the mailing of the 90-day notice actually happened. Thus, the defendant established, prima facie, that it complied with the notice requirements of UCC 9-611(f) (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
In opposition, the plaintiff failed to raise a triable issue of fact. "The UCC has no provision for the manner of service of the notice required by UCC 9-611(f)" (Newman v Federal Natl. Mtge. Assn., 46 Misc 3d 1204[A], 2014 NY Slip Op 51844[U], *4 [Sup Ct, Kings County]), and the parties' loan security agreement requiring notice by first-class mail did not apply to the 90-day notice. Thus, it was proper for the defendant to mail the 90-day notice by certified mail rather than by first-class mail.
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment and deny the plaintiff's cross motion for summary judgment. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the nonjudicial foreclosure sale is valid (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court